Argued and submitted April 27, 2010, reversed and remanded February 23, petition for review denied June 10, 2011 (350 Or 423)

Craig WILCOX,
*Plaintiff-Appellant,*

*v.*

Teri UMALI,
aka Terri Umali,
*Defendant-Respondent.*

Columbia County Circuit Court
072566; A141349

250 P3d 364

R. Daniel Lindahl argued the cause for appellant. With him on the briefs was Lindahl Law Firm, PC.

Mark A. Gordon argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

Plaintiff appeals from a judgment arising from a court-annexed arbitration. Although plaintiff timely filed a notice of appeal from the arbitration award, the trial court concluded that the notice was ineffective and therefore entered judgment on the arbitration award. The dispute is whether a party seeking a trial *de novo* after arbitration must file and serve a notice of appeal within 20 days of the filing of the award for the notice of appeal to be effective (as defendant contends) or whether filing the notice of appeal within 20 days is sufficient, even if the notice is served after that time (as plaintiff contends). For the reasons set forth below, we agree with plaintiff and therefore reverse and remand.

The pertinent facts are procedural and undisputed. Plaintiff asserted a claim against defendant, who asserted a counterclaim. The case was assigned to the court-annexed arbitration program, and an arbitration award was filed with the court on August 18, 2008. Eleven days later, plaintiff filed, but did not serve, a notice of appeal and request for trial *de novo*.

On September 16, 29 days after the filing of the arbitration award, defendant filed a motion for entry of a general judgment on the arbitration award. She submitted declarations stating that neither she nor her attorney had been served with the notice of appeal, and she pointed out that plaintiff had filed no proof of service. On September 25, plaintiff filed a "Request for Acceptance of Appeal," which was dated September 24 and which includes, as an attachment, the notice of appeal. The request states that copies of the request and attachments "will be forwarded to [defendant's attorney]" but does not include any proof of service.

The trial court held a hearing on defendant's motion for entry of judgment. At the hearing, plaintiff acknowledged that, because he did not know about any requirement to serve defendant, he had not served his notice of appeal. He asserted that defendant's attorney "does have the paperwork but I'll agree that it was beyond the 20 days." The court allowed plaintiff time to submit written argument.

Plaintiff obtained counsel and filed, on November 17, a motion to accept the appeal and memorandum in support. He argued that he had served the notice of appeal on defendant's attorney when he attached it to the "Request for Acceptance of Appeal" filed on September 25. On November 25, plaintiff filed a document captioned "certificate of service" (uppercase omitted) and signed by plaintiff himself. The document states that plaintiff had served defendant's lawyer with the "Notice of Appeal from Arbitration Award and Request for Trial De Novo" and the "Request for Acceptance of Appeal" on September 24.[1] The trial court subsequently entered a general judgment in defendant's favor because no appeal from the arbitration award was "timely filed and served."

Plaintiff appeals. He argues that the trial court mistakenly found that the notice of appeal was never served, but that, in fact, it was served, as his certificate of service establishes. Plaintiff further contends that the applicable statute, ORS 36.425(2)(a), requires only that the notice of appeal be filed within 20 days of the filing of the arbitration award, not that it be served within that time. Because he filed his notice of appeal within 20 days and later served it, he argues, the trial court erred by holding that he did not perfect his appeal from the arbitration decision and award.

Defendant responds that ORS 36.425(2)(a) and UTCR 13.250(2)(b) require that the notice of appeal be filed and served within 20 days. Thus, in her view, the trial court correctly entered judgment on the arbitration award because plaintiff failed to timely serve his notice of appeal. To construe the statutes and rules not to impose a 20-day requirement for service, defendant contends, would create procedural problems. Although defendant may be correct that procedural difficulties will ensue, we agree with plaintiff that

---

[1] Because plaintiff is not an attorney, the purported certificate of service may not have been proper. *See* ORCP 9 C (providing, in part, that "proof of service of all papers required or permitted to be served may be by written acknowledgment of service, by affidavit or declaration of the person making service, or by certificate of an attorney"). Defendant, however, never moved to strike the certificate. She acknowledges that the "Request for Acceptance of the Appeal" and attached notice were delivered to her counsel, albeit 38 days after the filing of the arbitrator's decision and award.

ORS 36.425 and UTCR 13.250 do not require that a notice of appeal be served within 20 days of the filing of an arbitration award.[2]

We begin with ORS 36.425, which addresses the appeal of arbitration awards following court-annexed arbitration. ORS 36.425(1) requires the arbitrator to file the decision and award with the court. A party who wishes to appeal must file a notice of appeal within 20 days of the filing of the arbitration award and must serve the notice of appeal on all parties. ORS 36.425(2)(a).[3] ORS 36.425(3), in part, sets out the consequence of failure to timely file a notice of appeal: "If a written notice is not filed under subsection (2)(a) of this section within the 20 days prescribed, the court shall cause to be prepared and entered a judgment based on the arbitration decision and award." Notably, entry of judgment is the consequence of failure to *file* the notice of appeal within 20 days, not a consequence of failure to file *and serve* the notice of appeal. That legislative choice is particularly significant in light of ORS 36.425(6), which provides that a party who opposes any exceptions to the award or denial of attorney fees and costs "must file a written response with the court and serve a copy of the response on the party filing the exceptions. Filing and service of the response must be made within seven days after the service of the exceptions on the responding

---

[2] We note that ORCP 9 C provides that documents that are required to be filed under ORCP 9 A and not excepted under ORCP 9 D "shall be filed with the court within a reasonable time *after* service." (Emphasis added.) In addition, UTCR 2.080(1) requires that, generally, "when written communication is made to the court, copies must simultaneously be mailed or delivered to all other parties and indication made on the original of such mailing or delivery." Defendant does not argue, however, that either rule operates to make plaintiff's notice of appeal ineffective.

[3] ORS 36.425(2)(a) provides:

"Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. A copy of the notice of appeal and request for a trial de novo must be served on all other parties to the proceeding. After the filing of the written notice a trial de novo of the action shall be held. If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial de novo shall include a jury."

party." When the legislature intends to require that filing and service occur within a specific period, it knows how to do so. It did not choose to impose that requirement for a notice of appeal under ORS 36.425(2)(a).

Nor does UTCR 13.250 impose a requirement that the notice of appeal be served within 20 days. That rule provides, in part:

"(1) A party who qualifies under ORS 36.425(2) may obtain a trial *de novo* on the case determined by completing the service, filing, payment of trial or jury fee and deposit as required under ORS 36.425(2).

"(2) In addition to the provisions under ORS 36.425 relating to a trial *de novo*, the following provisions apply:

"(a) In addition to filing a written notice of appeal and request for trial *de novo* with the trial court administrator, the party must serve on the parties a copy of the written notice of appeal and request for a trial *de novo* filed with the trial court administrator, and proof of such service must be filed with the trial court administrator."

Although UTCR 13.250 contemplates that service of the notice of appeal will occur prior to a trial *de novo* and requires that proof of service be filed, it does not establish a time within which service must be accomplished and the proof of service filed. Accordingly, the trial court erred in entering judgment on the arbitration award because of plaintiff's failure to serve his notice of appeal within 20 days of the filing of the arbitration award.

Reversed and remanded.